# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MADISON HARDING,
1336 Shadow Creek Lane, Warrington, PA 18976

## DEFENDANTS
UNITED STATES FIELD HOCKEY ASSOCIATION, INC.
1 Olympic Plaza, Colorado Springs, Colorado 80909

**(b)** County of Residence of First Listed Plaintiff  Bucks County, Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  El Paso County, Colorado
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Claims Worldwide, LLC
435 North Main Street
Doylestown, PA 18901
tel: 215-230-0800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  08/06/2013

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*  Joseph T. Thiroway, Esq.

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADISON HARDING<br>1336 Shadow Creek Lane<br>Warrington, PA 18976 | CIVIL ACTION |
| v. | NO.: |
| UNITED STATES FIELD HOCKEY<br>ASSOCIATION, INC.<br>1 Olympic Plaza<br>Colorado Springs, Colorado 80909 | JURY DEMANDED |

## CIVIL ACTION
## COMPLAINT

I. **PARTIES**

1. Plaintiff, Madison Harding, is an adult individual residing at 1336 Shadow Creek Lane, in the City of Warrington, County of Bucks, Commonwealth of Pennsylvania.

2. Defendant, United States Field Hockey Association, Inc.(hereinafter referred to as "USFHA"), is a Non-Profit Corporation, incorporated in the state of Colorado, with a principal and registered office at 1 Olympic Plaza, Colorado Springs, Colorado 80909.

3. At all times material hereto, USFHA did business in multiple states throughout the country including Pennsylvania, and more specifically within the counties composing the Eastern District of Pennsylvania by issuing and collecting money for individual athlete memberships. Further, USFHA and/or its club members hosted and sponsored Qualifying Tournaments, College Showcase Tournaments, and Championship Tournaments throughout the Eastern District of Pennsylvania.

## II. JURISDICTION

4.   This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different States.

## III. CAUSES OF ACTION, DAMAGES AND RELIEF REQUESTED

### COUNT I – NEGLIGENCE

5.   Plaintiff incorporates by reference, the foregoing paragraphs as fully as though they were herein set forth at length.

6.   On March 5-7, 2010, USFHA organized, managed, hosted, sponsored and operated the 2010 National Indoor Tournament at the Virginia Beach Convention Center, 1000 19th Street, Virginia Beach, Virginia. At all times material hereto, Defendant was acting either individually or through its duly authorized agents, servants, workmen or employees who were acting within the course and scope of their employment and on the business of said employer.

7.   Plaintiff participated in this National Indoor Tournament that was solely organized, managed, hosted, sponsored and operated by Defendant.

8.   At the time of Plaintiff's participation in this National Indoor Tournament, Plaintiff was a 16 year old minor. Her date of birth is August 9, 1993. Plaintiff had an individual athlete membership with USFHA, and she played in this tournament with her club team Mystx Field Hockey Club, which was a club member of USFHA.

9.   On or about March 5, 2010, after several injuries to players and umpires occurred due to unsafe and dangerous playing conditions, USFHA was put on Notice by

team coaches, club directors, and umpires of the dangerous and unsafe conditions on all of the sport courts. Despite USFHA holding a meeting to hear the complaints of various individuals, groups and team, USFHA neglected and/or failed to take any action to ensure the safety of its players and umpires for the remainder of the tournament.

10. The dangerous and unsafe conditions of the court floors consisted primarily of the defective interlocking tile flooring laid down on Friday, March 5, 2010, on each of the courts. Many of these interlocking tiles were loose, not locked in, broken/chipped/cracked, which resulted in areas of tile being raised, which did not provide a smooth playing surface required for indoor field hockey. Furthermore, the side boards used were in poor condition as they were twisted and not fully secured, which created unsafe, dangerous, and hazardous playing conditions.

11. As a result of these unsafe, dangerous and defective playing conditions, several players and umpires were injured on March 5, 2010, the first day of competitive play.

12. On Saturday, March 6, 2010, on Court 2, during the scheduled 4:30 p.m. game against Spirit Eagles Central, Plaintiff sustained serious injuries solely as a result of the unsafe, dangerous, and defective condition of the courts.

13. Plaintiff was severely injured when she was receiving a ball passed to her by a teammate. While Plaintiff was receiving the ball, the ball suddenly and without warning struck an elevated tile edge, causing the ball to shoot upward at a high rate of speed and struck Plaintiff directly in the forehead, which resulted in a severe facial injury. At no time was the ball touched by any player on the court.

14. The injury resulted solely from the negligence, carelessness, and

recklessness of Defendant USFHA, by its agents, servants, workmen and/or employees acting in the course and scope of their employment for same and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

15. Defendant USFHA organized, operated, hosted, supervised and managed this event and controlled the complete operation of the event. USFHA was negligent and failed to provide a safe playing surface, failed to correct the defective playing surface after it had "actual notice" of the unsafe, dangerous, and hazardous conditions that existed. The negligence of USFHA was the direct cause of Madison Harding's severe facial injuries.

16. At all times relevant hereto, Defendant had a duty to properly inspect, maintain and repair all areas of the property, so as to prevent injury to individuals participating in the tournament, specifically on the playing courts.

17. At all times relevant hereto, Defendant knew or should have known that its failure to reasonably satisfy its duty to properly maintain the sport courts, including the side boards, created an increased and unreasonable risk of personal injury to participants such as Plaintiff.

18. Defendant did not take reasonable steps to properly hire, train, supervise and/or instruct its agents, servants, workers and/or employees as to the proper installation and maintenance of the playing courts and side boards.

19. Defendant knew or should have known that the property would present an unreasonable risk of danger to tournament participants if the courts and side boards were not properly installed and maintained in a reasonable and safe manner.

20. Defendant had a duty to keep the playing courts properly maintained and free from unsafe, dangerous, hazardous, and defective conditions when it knew or should

have known that there was an unreasonable risk of injury to its participants. If it is determined that Defendant did not have actual prior notice of the dangerous condition of the dangerous and unsafe conditions, then Defendant had constructive notice and should have reasonably known of the danger based upon the following facts:

    a.    The unsafe, dangerous, hazardous, and defective conditions of the court floors consisted primarily of the defective interlocking tile flooring laid down on Friday, March 5th on each of the courts. These interlocking tiles were loose, not locked in, broken/chipped/cracked, which resulted in areas of tile being raised, which did not provide a smooth playing surface required of indoor field hockey. These unsafe, dangerous, hazardous, and defective conditions were present prior to, and at the same time of Plaintiff's injury; and

    b.    There was an ongoing problem throughout the day on Friday and Saturday with the unsafe, dangerous, hazardous, and defective conditions on all of the sport courts. USFHA was made aware of the unsafe, dangerous, hazardous, and defective conditions of the courts on Friday evening by coaches, club directors, and umpires. This situation was reasonably evidenced and/or would have been realized by a visual inspection of the area.

21. Defendant owed a duty to Plaintiff to inspect and make safe dangerous conditions that a reasonable inspection of the property would reveal. In the alternative, Defendant had a duty to warn of known unsafe and dangerous conditions then and there existing.

22. All of the acts as will be hereinafter alleged, to have been done or not to have been done by the Defendant, were done or not done by the Defendant, its agents,

servants, workmen and/or employees, acting within the scope and course of their employments, agency and authority for and on behalf of the said Defendant. The negligence and carelessness of the Defendant consisted of the following:

a. Neglecting and/or failing to maintain and provide proper and safe playing courts at the Virginia Beach Convention Center;

b. Maintaining a dangerous and/or defective condition on the property;

c. Failing to warn the Plaintiff of the dangerous condition to which the Defendant knew or should have known existed;

d. Failing to warn the Plaintiff of the dangerous and unsafe playing conditions of the courts;

e. Failing to inspect the property for defects or dangerous conditions which remained an unreasonable risk of injury to those lawfully upon it;

f. Failing to remedy or repair said dangerous and unsafe conditions, obstructions, irregularity or defects;

g. Failing to properly hire, train, supervise and/or instruct its agents, servants, workers' and/or employees;

h. Permitting or allowing the unsafe playing surface to exist without repair or replacement after the Defendant knew or should have had constructive notice of said condition;

i. Failing to give Plaintiff proper and due notice of the defective condition existing on the aforesaid premises;

j. Failing to give Plaintiff proper and adequate protection which Plaintiff was entitled;

 k. Failing to take action to correct the aforesaid hazardous condition, despite actual and/or constructive notice of the presence of said condition and the hazard posed thereby;

 l. Failing to warn Plaintiff of the presence of the aforesaid hazardous condition and the danger posed to her thereby; and

 m. Failing to hire competent, trained individuals to properly install, maintain and repair the playing courts on the property.

23. Defendant by its actions or failure to act substantially contributed to Plaintiff's injury and the damages sustained by her, as more fully set forth herein, and are therefore jointly and/or severally liable to Plaintiff.

24. Solely as a result of the aforesaid negligence and as a direct result of the failure to provide a safe playing environment, Plaintiff was caused to suffer various serious injuries, including, but not limited to, a concussion, a severe facial laceration and was required to undergo two surgeries by plastic surgeons due to the severity and extensive damage. The first surgery performed by a plastic surgeon in Virginia was to initially close the open wound, which required 21 stitches to her forehead. The second surgery, which was performed months later, was to smooth out and flatten the jagged edges of the scar and to flatten the scar itself which had been significantly raised and disfiguring as a result of the extensive damage initially caused by this incident. The severity of the laceration has resulted in severe scarring and disfigurement which is permanent in nature.

25. Further, Plaintiff incurred a severe shock to her nerves and nervous system, great physical pain, mental anguish and humiliation, all of which may continue for an indefinite time in the future.

26. Further, Plaintiff has been compelled to expend various sums of money in attempting to alleviate and cure the aforesaid injuries, and was prevented from attending to her usual duties and avocations. Plaintiff has a Healthcare Recoveries lien in the amount of $6,252.64. This lien has been protected and must be paid upon the resolution of this case.

27. Further, Plaintiff has or may suffer loss of her earnings and impairment of her earning capacity and power.

28. As a direct result of this incident, Plaintiff has or may hereinafter incur other financial expenses or losses that do or may exceed an amount that she may otherwise be entitled to recover.

29. Plaintiff has suffered loss of enjoyment of life's pleasures.

WHEREFORE, Plaintiff, Madison Harding, demands damages of the Defendant, United States Field Hockey Association, Inc., its agents, servants, workmen and/or employees herein individually, collectively, jointly and severally, for a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus costs, delay, damages and interest.

CLAIMS WORLDWIDE, LLC

BY: _____
JOSEPH T. THIROWAY, ESQUIRE
Identification No.: 61137
435 N. Main Street
Doylestown, PA 18901
215-230-0800
Attorney for Plaintiff

Date: August 6, 2013

## VERIFICATION

The averments or denials of fact contained in the foregoing document are true and correct based upon the signer's knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

x _/s/ Madison Harding_
Madison Harding

Date: August 5, 2013